IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY CONRAD, )
)
        Plaintiff, )
)
v. )
) Civil Action No. 11-110J
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 12th day of September, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed her applications for DIB and SSI on August 17, 2007, alleging disability beginning on August 15, 2007, due to mental, breathing and digestive problems, migraines and arthritis. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on February 5, 2010. On April 23, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 1, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education through a general equivalency degree, was 38 years old at the time of her alleged onset date of disability and is classified a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience a bindery machine operator, envelope packer, telemarketer, cashier and kitchen helper, but she has not engaged in substantial gainful activity at

any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of abdominal adhesions, gastroesophageal reflux disease, asthma, allergic rhinitis, migraine cephalagia, cervical stenosis, lumbar degenerative disc disease, mixed urinary incontinence, anxiety disorder, bipolar disorder, post-traumatic stress disorder and a history of drug and alcohol abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work that involves only occasional walking, standing and postural maneuvers such as stooping, kneeling, crouching, crawling and climbing ramps and stairs. In addition, plaintiff requires the option to sit or stand for 1-2 minutes approximately every 20 minutes during the work day. She must also avoid exposure to fumes, dust, odors, gases, temperature extremes, extreme dampness and environments with poor ventilation. Further, plaintiff is limited to work that allows brief, unscheduled access to a restroom during the workday. Finally, plaintiff is limited to jobs that involve simple, routine and repetitive tasks and that involve working primarily with objects

rather than people (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to perform other work that exists in significant numbers in the national economy, such as an assembler of printed products, a folding machine operator or a photographic machine operator. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from

performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 of the sequential evaluation process because: (1) he improperly evaluated plaintiff's credibility; and (2) he posed an inadequate hypothetical question to the vocational expert. The court finds that these arguments lack merit.

First, plaintiff argues that the ALJ erred because he improperly evaluated and rejected her subjective complaints of pain, an argument which the court finds to be without merit.

As an initial matter, a claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). However, an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

subjective complaints of pain, and he explained why he found her testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, the extent of her treatment, plaintiff's own statements about her symptoms and the opinions of physicians who treated and examined her. See 20 C.F.R. §§404.1529(c)(1)-(c)(3), 416.929(c)(1)-(c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability, and further found that plaintiff's testimony regarding her pain and resulting limitations was not entirely credible. (R. 18). This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 18-19), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's second argument is that the ALJ's hypothetical question to the vocational expert was inadequate because it did not account for her racing thoughts, mood swings and problems sleeping, nor did it accommodate the possibility that her medications could affect her ability to operate machinery.

Contrary to plaintiff's assertion, treatment notes from Dr. Elliot Rosencrantz indicate that she reported a reduction in her mood swings and racing thoughts when her medication was changed and she took it as prescribed. (R. 408, 411, 414, 417). Thus, the ALJ's hypothetical question limiting her to jobs involving simple, routine and repetitive tasks and working primarily with objects rather than people adequately accommodated any mental functional limitations she experienced, including problems with mood swings and racing thoughts.

The court also rejects plaintiff's argument that the ALJ should have accounted for the possibility that her medications could affect her ability to operate machinery. Dr. Rosencrantz's treatment notes indicate plaintiff was advised that "[m]edications **may** alter ability to operate machinery or drive a vehicle and caution is warranted." (R. 401-02, 410, 413, 416) (emphasis added). Although plaintiff was given this general warning, she did not report to her doctors that she experienced any such side effects, (R. 38), and there is no indication in the record that she had any functional limitations from her medications. See Burns v. Barnhart, 312 F.3d 113, 131 (3d Cir. 2002) (noting that "[d]rowsiness often accompanies the taking of medication, and it should not be viewed as disabling unless the record references serious functional limitations").

Finally, the court notes that the ALJ's hypothetical question otherwise incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the

factors that were the basis of the RFC Finding. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)(an ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence). Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform work that exists in the national economy.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: David M. Axinn, Esq.
P.O. Box 597
Hollidaysburg, PA 16648

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901